IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN,<br><br>Petitioner,<br><br>vs.<br><br>G. GIURBINO,<br><br>Respondent. | No. C 11-3925 JSW (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of the restitution fine imposed as part of his sentence. For the reasons discussed below, the petition is DISMISSED for failure to state a cognizable claim for federal habeas relief, and Petitioner's application for leave to proceed in forma pauperis is GRANTED.

## BACKGROUND

In 2006, Petitioner was convicted in Contra Costa County Superior Court of residential burglary. He was sentenced to a state prison term and a restitution fine was imposed. He appealed his conviction and sentence to the California Court of Appeal, but later withdrew the appeal. He later filed unsuccessful habeas petitions in all three levels

of the California courts challenging, as he does here, the restitution fine.

**DISCUSSION**

I Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II Legal Claims

Petitioner claims: (1) that the restitution fine imposed was in excess of what is allowed by state law; (2) that the trial court imposed a restitution fine without a full and fair hearing; and (3) the restitution fine was imposed despite the trial court's recognition of Petitioner's indigence.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.*

In order to establish "custody" under Section 2254(a), two different requirements must be met. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). First, the petition must be filed "'in behalf of a person in custody," meaning that there must be a restraint on the petitioner's liberty. *Id.* at 978-79. Second, a petition can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States,'" meaning there must be "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. In order to satisfy the second requirement, success on the habeas claim must result in a change in the restraint on the petitioner's liberty. *Id.* at 980. This requirement is not met where, as here, the petitioner challenges only the restitution portion of a sentence that includes imprisonment because

the "elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty." *Id.* at 981. As the instant petition only challenges the restitution portion of Petitioner's sentence, the "custody" requirement of Section 2254(a) is not satisfied and the Court does not have jurisdiction to entertain Petitioner's claims.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the instant petition is DISMISSED for failure to state a cognizable claim for federal habeas relief. The application to proceed in forma pauperis (docket number 2) is GRANTED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: August 30, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNY CALIHAN,

Plaintiff,

v.

MR G GIURBINO et al,

Defendant.

_______________________________________/

Case Number: CV11-03925 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth R. Calihan
P.O. Box 409060
F17158
Ione, CA 95640

Dated: August 30, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk